## WEBB HIGH v. STATE.

No. A-3011.   Opinion Filed March 20, 1919.

(179 Pac. 48.)

INTOXICATING LIQUORS—Unlawful Transportation—Sufficiency of Evidence. In a prosecution for unlawfully transporting intoxicating liquor, the evidence considered and held sufficient to sustain the conviction, and that no reversible error was committed on the trial.

*Appeal from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

Webb High was convicted of a violation of the pro-- hibitory liquor law, and he appeals.   Affirmed.

*Twyford, Smith & Crowe,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction in the county court of Oklahoma county upon an information charging Webb High with unlawfully trans- porting 164 half pints and nine pints of whisky in a Ford automobile from a point unknown, in, through, and along a certain alley between Grand avenue and California street and extending from Dewey street to Walker street in Oklahoma City.

The evidence shows that M. E. Smith and C. M. Tyler were standing in the alley watching a certain place on Dewey street, and between 10 and 11 o'clock that night they observed a Ford car turn from Dewey street into the alley between Grand and California streets, which car passed them and stopped.   They both positively identify defendant High as the occupant of the car; and they ar- rested him and found three grips in the car which con- tained whisky in amount as alleged in the information.

As a witness in his own behalf the defendant testified that he was visiting some friends named Carr; that, hear- ing a noise that night in the back yard, he walked out of Carr's back door through the back yard into the alley, and was there arrested by the officers.   He denied having any- thing to do with the car or the whisky therein.

The action of the trial court in overruling defendant's demurrer to the information is assigned as error.   We find the information sufficient.   It follows that the demurrer was properly overruled.

The next assignment is that the court erred in overruling the defendant's motion for a continuance on the ground of the absence of a material witness. It appears that the information was filed in September, and the case was called for trial the following January. Obviously the defendant had ample time to prepare for trial, and upon the record we find that the continuance was properly denied.

Error is assigned in the giving and refusing instructions. We have examined the instructions given and those refused, and discover no error. We have examined the numerous other errors assigned, but do not find they are entitled to serious consideration.

Discovering no prejudicial error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.